SEAL–SKINS (DAVISON v.). See Case No. 3,661.

## Case No. 12,580.

### In re SEAMAN.

[19 N. B. R. (1879) 332.] [1]

District Court, D. Indiana.

BANKRUPTCY—PETITION FOR DISCHARGE—CASE ON RETURN DAY—ASSENT OF CREDITORS.

An unopposed petition for discharge is to be submitted upon the state of case that exists on the return day. If a discharge is subsequently granted upon the assent of creditors, it must be upon the assent of such creditors as have proved their debts on or before the return day.

[In the matter of Conrad Seaman, a bankrupt.]

GRESHAM, District Judge. In this case the usual petition and affidavit for discharge were filed, and the 25th day of April, 1879, was appointed for the creditors to appear and show cause why the prayer of the petition should not be granted. On the day thus appointed the assets of the bankrupt did not equal thirty per cent. of the proven debts; no assent of any portion of the creditors to his discharge was then filed, and the court suspended its action upon the petition in order to afford the bankrupt further opportunity to procure and file the assent aforesaid. Subsequently the bankrupt asks leave to file proofs of debt by other creditors, with their assent to his discharge, making the assent of one-fourth in number and one-third in value of all creditors who have proved their debts, and it is for the court to determine whether this leave shall be granted.

Section 5112 of the bankrupt law requires that the assent to discharge shall be filed at or before the hearing of the petition therefor, which is the return day of the show-cause order, unless further proceedings are necessary; and the general orders of the supreme court (No. 24) provide that any creditor who wishes to oppose the petition for discharge must "enter his appearance in opposition thereto on the day when the creditors are required to show cause." The law does not explicitly designate the precise time when the status of the estate in bankruptcy shall be considered in determining whether the bankrupt is entitled to a discharge; it does not say just when the assets shall equal a certain proportion of the debts, or just when the assent of a certain proportion of the creditors shall entitle him to a discharge. But it is plain that under the rule no opposition to the discharge can be made unless an appearance for the purpose of making it is entered on the return day, and no appearance can be entered unless it is by a creditor who has proved his debt on or before that day. If this be true, it would be unfair to permit the subsequent appearance and proof by creditors for the purpose of aiding the bankrupt in getting a discharge, when the strict language of the rule denies the right of subsequent appearance and proof by creditors for the purpose of resisting it. If on the return day the record shows that the bankrupt is not entitled to a discharge by reason of a deficiency of assets, or the failure or refusal of enough creditors to assent thereto, the creditors are not apt to enter their appearance in opposition to the petition, for it would be unnecessary to oppose what is denied by the record, and cannot be granted without their consent. And if the status of the case, as it exists on that day, may be afterward modified by the admission of other creditors who favor the discharge, it would seem proper that all the creditors should be again notified, and have another opportunity to show cause, and so on ad infinitum.

The proceeding of the bankrupt for discharge is one instituted by himself; the creditors who have proved their debts are made parties; and the bankrupt's right to the relief asked by him in cases where there is no appearance in opposition thereto, depends upon the showing he is able to make on the day that the creditors are required to respond in his petition. He can select his own time, under the limitations imposed by the statute, for filing his petition, and if he is not able on the return day of the order that is made thereon, and in default of any opposition thereto, to show that he is entitled to the relief that he asks, he ought not to be permitted to come in afterward and obtain it without further notice, and upon an entirely different showing. If a discharge is subsequently granted upon the assent of creditors, it must be upon the assent of such creditors as have proved their debts on or before the return day. It seems to be the meaning of the law and rules that an unopposed petition for discharge is to be submitted upon the state of case that exists on the return day, and the leave to file the assent of creditors who have proved their debts since that time is accordingly refused.